CLEAR FIR SALES COMPANY, A DIVISION OF FIBREBOARD CORPO-
RATION v. CAROLINA PLYWOOD DISTRIBUTORS, INC., AND
STANLEY N. PATELOS

No. 718SC565

(Filed 12 January 1972)

1. **Rules of Civil Procedure § 56— summary judgment — question pre-
   sented**
   It is not the duty of the court hearing a motion for summary
   judgment to decide an issue of fact, but rather to determine whether
   a genuine issue as to any material fact exists.

2. **Rules of Civil Procedure § 56— summary judgment — availability to a
   claimant**
   Summary judgment is available to a claimant as well as to a
   defendant. G.S. 1A-1, Rule 56(a) and (c).

3. **Guaranty— what constitutes a guaranty**
   The president of the corporate defendant wrote the following
   letter to the plaintiff: "Please accept this letter as my personal guar-
   antee for the purchases of [the corporation] through December 31,
   1970. If we are continuing to do business at that time we will be glad
   to renew this guarantee." *Held:* The letter constitutes a guaranty as
   a matter of law, not an offer of guaranty, and the words "please
   accept" are nothing more than words of courtesy.

APPEAL by defendant Patelos from *Blount, Judge,* 3 May
1971 Session of Superior Court held in WAYNE County.

Appeal is from summary judgment against the individual
defendant, Stanley N. Patelos, for a sum of money owed plain-
tiff for building materials sold to corporate defendant on 16
February 1970. Patelos, President of corporate defendant, al-
legedly guaranteed payment for the purchases in a letter to
plaintiff, dated 10 December 1969. The letter provides in perti-
nent part:

"Please accept this letter as my personal guarantee for
the purchases of Carolina Plywood Distributors through
December 31, 1970. If we are continuing to do business at
that time we will be glad to renew this guarantee."

*Maupin, Taylor & Ellis by Charles B. Neely, Jr., for plain-
tiff appellee.*

*Baddour and Lancaster by H. Martin Lancaster for defend-
ant appellant.*

GRAHAM, Judge.

**[1, 2]** It is not the duty of the court hearing a motion for summary judgment to decide an issue of fact, but rather to determine whether a genuine issue as to any material fact exists. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823. Summary judgment is available to a claimant as well as to a defendant, G.S. 1A-1, Rule 56(a), and it must be rendered forthwith upon his motion if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that claimant is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(c).

**[3]** The corporate defendant did not file answer and its indebtedness to plaintiff is conceded by appellant Patelos. Appellant also concedes that he wrote the letter of 10 December 1969. He contends, however, that the letter constitutes only an offer to enter a contract of guaranty, as distinguished from an absolute guaranty, and that an issue of fact exists as to whether the offer was accepted by plaintiff. He also says that if the language of the letter does not clearly show that it was intended only as an offer, its meaning is ambiguous and should be resolved by the jury.

"Where the language of a contract is plain and unambiguous the construction of the agreement is a matter of law for the court. . . . However, if the contract terms are ambiguous, extrinsic evidence relating to the agreement may be competent to clarify its terms, and to have its meaning ascertained by the jury under proper instructions by the court." 2 Strong, N.C. Index 2d, Contracts, § 12, p. 311.

The only suggestion of ambiguity by appellant is that the words "[p]lease accept" raise a question as to whether the letter was intended to be effective as a guaranty only if appellant was given notice of its acceptance as such. These words, as used in the letter, are nothing more than words of courtesy. At most they represent an expression of hope that the guaranty will be regarded by plaintiff as reliable security upon which to base future credit sales to appellant's company.

The language of the letter must be given such construction as appellant, at the time it was written, should have supposed plaintiff would give to it, or as plaintiff was fairly justified in

giving to it. *Koppers Co., Inc. v. Chemical Corp.*, 9 N.C. App. 118, 175 S.E. 2d 761. It would be a strained construction to hold that the words "[p]lease accept this letter as my personal guarantee" indicate an intention on the part of appellant that the guaranty was to be binding only if notice was communicated by plaintiff that it was accepted. Indeed, the letter itself indicates the writer regarded it as a guaranty, rather than an offer of guaranty, in that it states "[i]f we are continuing to do business at that time we will be glad to renew *this guarantee.*" (Emphasis added.)

We are of the opinion and so hold that the language of the letter is plain and unambiguous and that its effect is a question of law for the court. We further hold that it constitutes an absolute promise by appellant to pay for purchases made by the corporate defendant and that no communication of acceptance was necessary. " 'A guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor. In order to bind the guarantor under an absolute guaranty it is not necessary that there should be notice of acceptance of the guaranty. . . . ' " *Trust Co. v. Godwin,* 190 N.C. 512, 519, 130 S.E. 323, 327.

The trial court correctly determined that there is no genuine issue as to any material fact. Summary judgment for plaintiff was proper.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.