ANN V. RHOADES v. CHARLES B. RHOADES

No. 7921DC276

(Filed 20 November 1979)

**Divorce and Alimony § 24.10— child support—obligation until both children reached 18** ·

    A paragraph of the parties' separation agreement providing that defendant should pay to plaintiff $350 per month as child support, "said payments to continue until the two minor children reach the age of eighteen years," required defendant to make the payments until both children reached eighteen.

APPEAL by defendant from *Alexander (Abner), Judge.* Judgment entered 2 Feburary 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 17 October 1979.

Plaintiff brings this action seeking enforcement of a separation agreement executed by plaintiff and defendant. The parties had two minor children when they signed the agreement on 20 November 1973: Jane, born 14 September 1960, and Charles, born 18 August 1963.

The separation agreement contains the following:

    9. The parties hereto agree that Husband shall pay to the Wife the sum of $350.00 per month as child support for the two minor children of the marriage; said payments to continue until the two minor children reach the age of eighteen (18) years.

About 4 September 1978 defendant told plaintiff he was reducing the $350 monthly support payment to $175 because Jane would be eighteen years old on 14 September 1978. Since that time, defendant has paid $175 per month as child support.

Plaintiff asks the court to order defendant to pay $350 per month as child support until the youngest child reaches the age of eighteen and to pay all arrearage since September 1978.

Defendant answered, denying the execution of the separation agreement but admitting he had reduced the support payments to $175 per month as alleged by plaintiff. He denies plaintiff is entitled to any relief.

Plaintiff moved for summary judgment. In response to the motion, defendant, by affidavit, admitted the execution of the separation agreement and filed a copy of it. From the entry of summary judgment, defendant appeals.

*Craige, Brawley, Liipfert & Ross, by C. Thomas Ross, for plaintiff appellee.*

*Morrow, Fraser and Reavis, by John F. Morrow, for defendant appellant.*

MARTIN (Harry C.), Judge.

This appeal presents for our interpretation paragraph 9 of the separation agreement, set out above. The agreement gave plaintiff the "full custody and control of the two minor children" with defendant having visitation rights. Plaintiff also received sole title to the homeplace owned by the parties. It thus appears the parties intended plaintiff to have the responsibility of rearing the children and supervising their health, welfare and education. Insofar as the defendant was concerned, his duty was to pay the monthly support and refrain from interfering with the health, welfare and education of the children.

With this background, we turn to the interpretation of the paragraph in question. If the contested provision is not ambiguous, its construction is a matter of law for the court. *Kent Corporation v. Winston-Salem,* 272 N.C. 395, 158 S.E. 2d 563 (1968). "If there be no dispute in respect of the terms of the contract, and they are plain and unambiguous, there is no room for construction. The contract is to be interpreted as written." *Jones v. Realty Co.,* 226 N.C. 303, 305, 37 S.E. 2d 906, 907 (1946); *Sales Co. v. Plywood Distributors,* 13 N.C. App. 429, 185 S.E. 2d 737 (1972).

There are reasons of logic, as well as of law, why the written unambiguous language of a contract is to be relied upon rather than the parties' interpretation of it. It is true that Cicero in his eloquent defense of the poet Archias denied the superiority of the written memorial, or record, over the spoken word, upon the ground that the witness is subjected to an oath and cross-examination and other safeguards against falsehood, while the record has no such test to assure its accuracy. But the law has never accepted this argument, relying upon the safer rule prefer-

ring written over unwritten evidence. Even the best intentioned memory fades with the passage of time.

Nor can this rule be evaded by substituting the intention or understanding of one of the parties for the agreement of both.

> It is not the understanding, but the agreement, of the parties that controls, unless that understanding is in some way expressed in the agreement. Even if the defendant had clearly shown that it so understood the agreement, it will not do, as the court proceeds, not upon the understanding of one of the parties, but upon the agreement of both. No principle is better settled.

*Lumber Co. v. Lumber Co.*, 137 N.C. 431, 436, 49 S.E. 946, 948 (1905).

Paragraph 9 of the agreement clearly states that defendant shall pay to the plaintiff $350 per month as child support for the two minor children of the marriage. The parties did not allocate any definite part of the $350 for each child, leaving the use of the money in the discretion of plaintiff, who had the responsibility for the health, welfare and education of the children. The parties further clearly state that the payments shall continue until the two minor children reach the age of eighteen years. The agreement does not contain any provision to reduce the support payments when one of the children reaches eighteen years of age. A parent can by contract bind himself to support his children after they are emancipated or reach their majority. *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911, *cert. denied*, 287 N.C. 465, 215 S.E. 2d 623 (1975). *See Mullen v. Sawyer*, 277 N.C. 623, 178 S.E. 2d 425 (1971).

We are of the opinion and so hold that the language of paragraph 9 of the separation agreement executed by the parties is plain and unambiguous and its effect is a question of law for the Court. We further hold it constitutes an absolute obligation requiring defendant to pay $350 per month to plaintiff as child support for the two children of the parties, the support payments to continue until both children attain the age of eighteen years.

The trial court correctly determined there is no genuine issue of material fact. Summary judgment for plaintiff was proper.

Affirmed.

Judges HEDRICK and CLARK concur.