MARTHA A. VESTAL v. TOM R. VESTAL

No 8028SC430

(Filed 21 October 1980)

**Evidence § 32.2; Husband and Wife § 11.2 – separation agreement – provision not**
**ambiguous – parol evidence inadmissible**
    A provision of a separation agreement in which defendant husband
    agreed "at the time of divorce decree to execute a document assigning his
    interest to said household" to plaintiff wife was unambiguous and required
    defendant to transfer a fee simple estate to the wife; therefore, parol evi-
    dence was not admissible to show that the parties intended the assignment
    of plaintiff's interest in the home to be in trust for the benefit of their child
    where it appears from the terms of the separation agreement that it was the
    intent of both parties for the instrument to represent fully their mutual
    intentions regarding the home.

APPEAL by defendant from *Thornburg, Judge.* Judgment
entered 25 March 1980 in Superior Court, BUNCOMBE County.
Heard in the Court of Appeals 28 August 1980, at Waynesville,
North Carolina.

Plaintiff, Martha A. Vestal, brings this action seeking to compel defendant, Tom R. Vestal, to convey to plaintiff, in fee simple, all his interest in a home acquired by the parties as husband and wife.

Plaintiff and defendant were married 14 April 1962. They entered into and signed a separation agreement dated 1 September 1974. The document was prepared by defendant, who is an attorney.

The separation agreement provides the following:

(1) Martha shall have custody and care of their one child John Wallace and dog Max.

(2) Martha shall have the right of residence in the household at 37 Brookcliff Drive during the period of separation and Tom further agrees at the time of divorce decree to execute a document assigning his interest to said household to Martha ... Martha agrees to maintain the household and belongings therein in good condition excepting for normal wear and tear at her own expense and/or with the funds to be provided by Tom hereinafter set forth. . . .

(3) Tom shall make so long as able and until the decree of divorce a monthly payment to Martha in the amount of $400.00 on or about the third day of each month, said monies to be applied by Martha to the care and welfare of John Wallace and Max, including day care when necessary, and further toward all payments of outstanding accounts due on the residence and household at 37 Brookcliff Drive, including mortgage notes and escrow payments, home insurance, utilities and normal upkeep.

(4) Each party shall be responsible hereafter only for debts incurred by that party . . ..

(5) Tom shall have reasonable visitation rights, including at least once each two weeks.

The agreement also allocated certain items of personal property to defendant upon decree of divorce.

Plaintiff was granted an absolute divorce from defendant on 12 October 1979. She then demanded that defendant execute

and deliver a deed to her, pursuant to the separation agreement. Defendant refused to convey his interest in the property in fee simple, alleging that the parties' intention was to transfer the home in trust for the benefit of their child. Plaintiff began this action on 5 December 1979 and later moved for summary judgment. Upon hearing, the trial court granted plaintiff's motion and ordered all defendant's interest in the property to be transferred to plaintiff.

Defendant appeals from the entry of summary judgment.

*Russell & Greene, by William E. Greene, for plaintiff appellee.*

*John A. Powell for defendant appellant.*

MARTIN (Harry C.), Judge.

In this appeal we are asked to interpret part of paragraph 2 of the separation agreement, set out above. In that paragraph defendant agreed to "execute a document assigning his interest to said household" to plaintiff. Defendant contends that this language is ambiguous and that the parties intended the assignment of his interest to be in trust for the benefit of the child, John Wallace. Defendant assigns as error the trial court's conclusion of law that there is no genuine issue as to any material fact and the entry of summary judgment. He argues that his introduction of parol evidence, without objection by plaintiff, as to the meaning of the disputed term was sufficient to preclude summary judgment. We cannot agree.

In his pleadings defendant alleged that "[i]t was at no time the intention of either the Plaintiff or the Defendant that the document ... be considered a total integration of all agreements by and between the parties ...." The evidence indicates that the separation agreement was a product of many discussions and negotiations between plaintiff and defendant. With respect to the division of property and the responsibility for maintenance of the home and care of the child the instrument clearly demonstrates that the parties intended the wife to retain full control over the household pending divorce. Defendant's only duty was to contribute $400 per month toward John Wallace's care and maintenance of the home. His obligation was to last only until a divorce decree was obtained. Upon divorce defendant was given the right to remove certain items of per-

sonal property. This implies that he was to have no more involvement in the management of the household and that plaintiff was to be completely and solely responsible thereafter. We must conclude from the terms of the agreement that both parties meant for the instrument to fully represent their mutual intentions regarding the home.

Because the document appears to be complete, defendant may not introduce parol evidence that adds to or contradicts the express terms.

> It appears to be well settled in this jurisdiction that parol testimony of prior or contemporaneous negotiations or conversations inconsistent with a written contract entered into between the parties, or which tends to substitute a new or different contract for the one evidenced by the writing, is incompetent. 2 Stansbury's N.C. Evidence § 253 (Brandis Rev. 1973). This rule applies where the writing totally integrates all the terms of a contract or supersedes all other agreements relating to the transaction. The rule is otherwise where it is shown that the writing is not a full integration of the terms of the contract. The terms not included in the writing may then be shown by parol. *Id.*, § 252.

*Craig v. Kessing*, 297 N.C. 32, 34-35, 253 S.E. 2d 264, 265-66 (1979). Defendant relies on *Beal v. Supply Co.*, 36 N.C. App. 505, 244 S.E. 2d 463 (1978), as authority for allowing his parol evidence to be accepted as competent to prove an agreement to create a trust, thus precluding summary judgment against him. In *Beal*, this Court was construing an employment contract, which the parties agreed was only partially contained in the writing. Here we have no such concurrence between plaintiff and defendant. In *Beal*, we stated: "When a contract is reduced to writing, parol evidence cannot vary its terms. When a contract is partially parol and partially written, parol evidence may prove parol terms." *Id.* at 508, 244 S.E. 2d at 465. We are not persuaded by defendant's contention that the parties' total agreement concerning the transfer of the home was not reduced to writing. Defendant may not add to the written document.

Although parol evidence may not be allowed to vary, add to, or contradict an integrated written instrument, *Emerson v. Carras*, 33 N.C. App. 91, 234 S.E. 2d 642 (1977), an ambiguous

term may be explained or construed with the aid of parol evidence. *Medders v. Medders,* 40 N.C. App. 681, 254 S.E. 2d 44 (1979). *See* 40 A.L.R. 3d 1384 (1971). The document in question makes no mention of transfer to plaintiff in any form other than a legal estate in fee simple. The law favors creation of a fee simple estate unless it is clearly shown a lesser estate was intended. *See* N.C. Gen. Stat. 39-1. It is true, as defendant points out in his brief, that a trust may be created by oral agreement. *Thompson v. Davis,* 223 N.C. 792, 28 S.E. 2d 556 (1944). To prove the existence of a parol trust, however, the evidence must be "clear, strong and convincing — that a 'mere preponderance' of the evidence is not sufficient to establish a parol trust." *Paul v. Neece,* 244 N.C. 565, 568, 94 S.E. 2d 596, 599 (1956). *See also Wells v. Dickens,* 274 N.C. 203, 162 S.E. 2d 552 (1968). No such evidence is apparent in this case; we hold that the phrase "to execute a document assigning his interest" is unambiguous on its face.

An apparently precise term still may be latently ambiguous when "by reason of extraneous facts the definite and certain application of those words is found impracticable." *Miller v. Green,* 183 N.C. 652, 654, 112 S.E. 417, 418 (1922). In such cases "preliminary negotiations and surrounding circumstances may be considered for the purpose of determining what the parties intended — *i.e.,* for the purpose of ascertaining in what sense they used the ambiguous language, but not for the purpose of contradicting the written contract or varying its terms." *Id.* at 654, 112 S.E. at 417-18. *See also Emerson, supra.*

In *Rhoades v. Rhoades,* 44 N.C. App. 43, 260 S.E. 2d 151 (1979), we addressed a similar issue in the interpretation of a separation agreement. In *Rhoades* the document contained the following paragraph:

> 9. The parties hereto agree that Husband shall pay to the Wife the sum of $350.00 per month as child support for the two minor children of the marriage; said payments to continue until the two minor children reach the age of eighteen (18) years.

*Id.* at 43, 260 S.E. 2d at 152. Upon the older child's attaining the age of eighteen the husband attempted to reduce the monthly payment by one-half. Because the agreement did not allocate any definite part of the payment to each child, this Court held: "[T]he language of paragraph 9 of the separation agreement

executed by the parties is plain and unambiguous and its effect is a question of law for this Court. We further hold it constitutes an absolute obligation . . .." *Id.* at 45, 260 S.E. 2d at 153. In view of the total separation agreement in the case at bar, we hold that *Rhoades* controls and defendant may not rely on parol evidence to show that a conveyance in trust was intended.

Further supporting our decision is the fact that the document in dispute was prepared by defendant. "It is a rule of contracts that in case of disputed items, the interpretation of the contract will be inclined against the person who drafted it." *Contracting Co. v. Ports Authority*, 284 N.C. 732, 738, 202 S.E. 2d 473, 476 (1974). Defendant is an attorney. He should be familiar with the language of the law. If he and plaintiff had intended a trust to be created at the time he prepared the separation agreement, he undoubtedly would have drafted it to so read.

There is no evidence of an agreement between plaintiff and defendant to create a trust. Defendant's affidavit specifically negates such an agreement, in that he states "there is a lack of understanding between Plaintiff and Defendant" concerning this issue. Defendant has offered only his own allegations of the parties' subjective intent. It is not the understanding or intent of one of the parties that controls the interpretation of a contract, but the agreement of both parties. *Lumber Co. v. Lumber Co.*, 137 N.C. 431, 49 S.E. 946 (1905); *Rhoades v. Rhoades, supra.* Under Rule 56(e) of the North Carolina Rules of Civil Procedure, we find that the entry of summary judgment was proper.

We affirm.

Judges CLARK and HILL concur.