PATRICIA R. BERRIER v. DONALD H. BERRIER

No. 8322DC383

(Filed 3 April 1984)

**Divorce and Alimony § 24.10— child support—agreement requiring payment until youngest child reaches age 18**

A separation agreement and consent judgment obligating defendant to pay "for the support of the two minor children" the sum of $45.00 per week per child "until the younger child reaches the age of eighteen (18) years" requires defendant to pay support for the older child until the younger child reaches the age of 18 even though the older child has reached his eighteenth birthday.

APPEAL by defendant from *Fuller, Judge.* Order entered 13 January 1983 in District Court, DAVIDSON County. Heard in the Court of Appeals 6 March 1984.

This is a civil action wherein the plaintiff filed a motion in the cause seeking modification of a consent judgment in regard to child support and a court order requiring defendant to show cause why he should not be held in contempt for failure to comply with the provisions of the consent judgment. The matter came on for hearing in January 1983, and the court, after making findings of fact and conclusions of law, ordered defendant to pay child support in the amount of ninety dollars a week. From this order defendant appealed.

*Smith, Michael & Penry, by Phyllis S. Penry, for plaintiff, appellee.*

*Stoner, Bowers and Gray, P.A., by Bob W. Bowers, for defendant, appellant.*

HEDRICK, Judge.

The record discloses the following: plaintiff and defendant were married in 1963 and separated in November 1979. In April 1980, the couple entered into a written separation agreement which formed the basis of a consent judgment entered 18 April 1980. The separation agreement addressed, among other things, defendant's obligation to pay child support for the two children born of the marriage, David and Christopher. At the time of the agreement, David was fifteen and Christopher was ten years of age. The agreement contained the following language:

10. *Support of Children.* The Husband agrees to pay to the Wife the sum of One Hundred and no/100 ($100.00) Dollars per month for the support of the two minor children beginning on Friday, April 11, 1980, and on the 11th day of each month thereafter until the house is sold at which time the Husband agrees to pay Forty-five and no/100 ($45.00) Dollars per week per child beginning on the Friday immediately after the sale of the house and to continue on each Friday thereafter until the younger child reaches the age of eighteen (18) years, marries, or otherwise becomes emancipated.

The consent judgment contained the following order:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff and defendant fully perform and comply with all the terms and provisions of the Separation Agreement attached hereto as Exhibit A, including but not limited to the following:

. . .

(b) The defendant shall pay into the office of the Clerk of Superior Court for the use and benefit of his minor children the sum of $100.00 per month pending the sale of the homeplace and the sum of $45.00 per week per child beginning on the Friday immediately after the sale of the homeplace and to continue until such time as the youngest child reaches the age of eighteen (18) years, marries, or otherwise becomes emancipated.

On 28 September 1982 David, the older child, reached his eighteenth birthday. On 9 November 1982 plaintiff filed the motion which is the subject of this lawsuit. Defendant's reply and "counter-motion," filed 13 December 1982, asked the court to resolve "[a] dispute . . . between the parties as to the amount which defendant is obligated to pay plaintiff as child support." Following a hearing on the matter, the court made the following finding and conclusion:

That the language of paragraph ten (10) of the Separation Agreement herein referred to and executed by the parties is plain and unambiguous and its effect is a question of law for the Court, and the Court further finds that the language in the Separation Agreement clearly states that the payments shall continue until the younger child reaches eighteen (18) years of age and that the Agreement does not contain any provisions to reduce the support payments when the oldest child reaches eighteen (18) years of age, and further that the language of the Separation Agreement as incorporated in the consent judgment constitutes an absolute obligation requiring the defendant to pay Forty-Five ($45.00) Dollars per week, per child, as support for the two children and such payments are to continue until the younger child reaches eighteen (18) years of age.

The sole question brought forward and argued on appeal is whether the court erred "in ruling as a matter of law" that, under the terms of the separation agreement and consent judgment, defendant is obligated to pay support for the older child until the younger child reaches the age of eighteen years. Defendant contends that the separation agreement and consent judgment "considered as a whole" establish that he "intended to legally obligate himself for the support of his children only during their minority." In support of this contention, defendant points out the frequent use of the term "minor children" in the provisions of the separation agreement regarding child support.

We agree with plaintiff-appellee that the case of *Rhoades v. Rhoades*, 44 N.C. App. 43, 260 S.E. 2d 151 (1979) contained facts similar to those of the instant case. In *Rhoades*, this Court was called upon to interpret a clause in a separation agreement providing child support "for the two minor children of the marriage

In re Green

. . . to continue until the two minor children reach the age of eighteen (18) years." *Id.* at 43, 260 S.E. 2d at 152. In holding that the defendant was obliged to provide child support until his younger child reached eighteen, this Court characterized the language of the contested provision as plain and unambiguous and noted the well-established rule that "It is not the understanding, but the agreement, of the parties that controls, unless that understanding is in some way expressed in the agreement." *Id.* at 45, 260 S.E. 2d at 153 (quoting *Lumber Co. v. Lumber Co.,* 137 N.C. 431, 436, 49 S.E. 946, 948 (1905)).

In the instant case, the provision requiring defendant to pay $45.00 per week for each child "until the younger child reaches the age of eighteen" is clear and unambiguous. As in *Rhoades,* the agreement contains no provision for reduction of support payments when the older child becomes eighteen. We hold the trial court acted properly in entering an order consistent with the clear language of the separation agreement and consent judgment.

Affirmed.

Judges HILL and JOHNSON concur.