LORENE LINEBERRY v. J. MICHAEL LINEBERRY

No. 8123DC1225

(Filed 19 October 1982)

1. **Agriculture § 7; Evidence § 32.7— lease of tobacco allotment—contract provision unambiguous—parol evidence inadmissible**

  A provision in a lease of plaintiff's tobacco allotment to defendant permitting any unused portion of the tobacco quota to be sold to another farmer, credited by defendant at thirty cents per pound and used by plaintiff the following year, or used by defendant the following year was unambiguous, and parol evidence was not admissible to explain such provision.

2. **Agriculture § 7; Evidence § 32.2— lease of tobacco allotment—parol evidence inadmissible to vary terms**

  Where a contract leasing plaintiff's land and tobacco allotment to defendant provided that defendant "is entitled to produce 11,353" pounds of tobacco but did not require defendant to produce 11,353 pounds, and there was no finding that the contract was not a final agreement, parol evidence regarding an alleged oral promise by defendant to grow plaintiff's full tobacco allotment was inadmissible.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 26 June 1981 in District Court, YADKIN County. Heard in the Court of Appeals 2 September 1982.

On 8 April 1980, plaintiff and defendant entered into a written contract. The contract provided that plaintiff would lease to defendant twenty-five acres of cropland, four barns, and the right to raise tobacco using plaintiff's tobacco allotment quota for 1980.

The first page of the contract recited that the rent would be $4,655.90, payable on or before 1 October 1980. According to defendant, the rent was computed as follows: $30.00 per acre for twenty-five acres of cropland; $500.00 for four barns; and thirty cents per pound of tobacco raised for 11,353 pounds of allotment quota. This computation of the rent was not expressly set out in the contract.

Page two of the contract provided that plaintiff would furnish four barns and a source of irrigation for the tobacco to the defendant.

The contract also provided that defendant would raise tobacco as follows: "That the party of the second part is entitled to

produce 11,353 number of pounds and the party of the first part will receive $00.30 per pound, and payment will be due the party of the first part on or before October 1, 1980."

The contract further provided that

In the event that the party of the second part shall fail to sell 100% of the quota of tobacco poundage alotted [*sic*] during the term of this Contract, the party of the first part shall give to the party of the second part a written signed release and shall make all arrangements necessary to permit the party of the second part to resell the unused and unsold poundage in the sole discretion of the party of the second part as follows: Party of the first party [*sic*] agree [*sic*] to pay 30 cents per pound for any un-sold [*sic*] pounds on farm or replace equal numbers of pounds by March 15, 1981.

Defendant purchased 4,331 additional pounds of allotment from other farmers in anticipation of selling more than 11,353 pounds of tobacco.

According to the Agricultural Stabilization and Conservation Service (ASCS), defendant planted only 7.86 acres on plaintiff's farm. The maximum amount of acreage was 11.05 acres.

Farmers are allowed to transfer pounds of allotment to other farmers, but only if the transferor has planted 80% of his effective allotment for the year. Since defendant planted less than 80%, he was not able to transfer any excess allotment.

On 1 October 1980, defendant paid plaintiff $2,343.50, which was determined as follows: $750.00 for cropland rent; $500.00 for the barns; and $1,093.50 for 3,645 pounds of tobacco allotment at thirty cents per pound. The defendant had not used the remaining 7,708 pounds of allotment. Plaintiff then filed suit against defendant for the remaining $2,312.40, which she claimed was due.

The trial court found that the provision in the contract which stated that plaintiff agrees to pay thirty cents per pound for any unsold pounds was ambiguous. After admitting parol testimony, the court deleted the sentence. The court found that defendant breached the contract by not planting the full tobacco allotment in 1980, not using the remaining tobacco allotment in 1981, and not paying the full amount of rent due. The court ordered defend-

ant to pay plaintiff the balance due which was $2,312.40 plus interest.

*Finger, Park and Parker, by M. Neil Finger, for plaintiff appellee.*

*Jenkins, Lucas, Babb and Rabil, by S. Mark Rabil, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant presents three issues on appeal. The first issue is whether the trial judge properly admitted parol evidence to change the written terms of the contract.

In general, when the language of a contract is unambiguous, the court may not ignore or delete any of its provisions. As stated in *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 492, 219 S.E. 2d 190, 196 (1975), "The intention of the parties must be determined from the language of the contract, the purposes of the contract, the subject matter and the situation of the parties at the time the contract is executed." An ambiguous term may be explained or construed with parol evidence. *Vestal v. Vestal*, 49 N.C. App. 263, 271 S.E. 2d 306 (1980).

The question here is whether the provision on the bottom of page two in the contract is ambiguous. A statement is ambiguous if it is susceptible of more than one meaning. Defendant contends that the statement is not ambiguous because it may fairly be interpreted in only one way. We agree. The provision states three alternatives available to plaintiff if defendant failed to sell 100% of the quota. First, plaintiff could give defendant a written signed release and make all arrangements necessary to permit defendant to resell the unsold tobacco allotment to other farmers. Second, plaintiff could credit defendant for unsold pounds at thirty cents per pound. The third alternative would be for plaintiff to allow defendant to use the unsold pounds in 1981. This means theoretically each pound of tobacco allotment could be either used for tobacco grown by defendant, sold to another farmer, credited to defendant at thirty cents per pound (and used by plaintiff the following year), or used by defendant the following year. Since defendant failed to grow 80% of his effective allotment, he was precluded from transferring his allotment to other farmers, but the remaining two choices, thirty cents credit or the carry-over to

1981, were still available. Because defendant chose to deduct the thirty cents per pound for the unused allotment, plaintiff used the excess allotment the following year. To allow plaintiff to recover thirty cents per pound from defendant after using the allotment in 1981 would be unfair.

Since we do not find the contract ambiguous, the parol evidence was improperly admitted.

[2] Defendant's second argument is that the trial court erred in admitting parol evidence regarding an alleged promise by defendant to plant and grow plaintiff's full tobacco allotment.

The contract provided that "the party of the second part is entitled to produce 11,353" pounds. The contract did not require defendant to produce 11,353 pounds.

"Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing." 2 Brandis on North Carolina Evidence § 251 (1982). If the oral testimony would vary or contradict the written agreement, it should be excluded. *Van Harris Realty, Inc. v. Coffey*, 41 N.C. App. 112, 254 S.E. 2d 184 (1979). An excellent statement of the rule is found in an old North Carolina case:

> A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent.

*Neal v. Marrone*, 239 N.C. 73,77, 79 S.E. 2d 239, 242 (1953).

Since there was no finding that the contract was not a final agreement, the alleged oral agreement to plant the full allotment should not have been admitted.

Defendant's third argument is that the trial court erred in denying defendant's motion for summary judgment.

Summary judgment should be granted "if the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

In this case the contract is not ambiguous, and the actions of the parties are not in dispute. The issues raised by plaintiff were inadmissible under the parol evidence rule. Since there is no genuine issue of material fact, summary judgment should have been entered in favor of defendant.

Reversed and remanded.

Judges HILL and JOHNSON concur.