BOBBY G. STEVENS v. STEVEN DORENDA, JR.

No. 8229DC1296

(Filed 7 February 1984)

**Compromise and Settlement § 6; Contracts § 26.1— finding settlement agreement ambiguous error—admission of parol evidence error**

    In an action instituted by plaintiff to recover on two promissory notes where defendant raised the defense of settlement, the trial court erred in finding a settlement agreement ambiguous which discussed four other lawsuits between the parties but failed to include a reference to the present action. The lack of ambiguity in the settlement agreement precluded the admission of parol evidence, and the trial court committed reversible error by allowing the settlement agreement into evidence, by allowing parol evidence concerning the settlement agreement and by allowing into evidence a complaint from one of the three actions which was settled in the agreement.

APPEAL by plaintiff from *Guice, Judge.* Judgment entered 24 June 1982 in District Court, HENDERSON County. Heard in the Court of Appeals 27 October 1983.

*McGuire, Wood, Worley & Bissette, P.A., by Joseph P. McGuire, for plaintiff appellant.*

*Long, Parker, Payne & Matney, P.A., by William A. Parker and Steve Warren, for defendant appellee.*

BECTON, Judge.

I

On 15 January 1980, plaintiff, Bobby G. Stevens, instituted this action, No. 80CVD23, in Henderson County District Court, to recover on two promissory notes for $2,500 and $1,500 respectively, after the defendant, Steven Dorenda, Jr., defaulted on payment. At the time the notes were executed, Stevens and Dorenda were principals in two closely related corporations, Eastern Carolina Lime Company, Inc., and Fletcher Limestone Company.

In a supplemental answer filed 23 December 1981, Dorenda raised the defense of settlement. Dorenda asserted that the parties, pursuant to a settlement agreement dated 22 August 1980, had settled all the matters in controversy since the original complaint and answer. After finding the settlement agreement ambiguous, the trial court admitted parol evidence concerning the agreement and instructed the jury on settlement. From a jury verdict for Dorenda, Stevens appeals.

## II

Stevens argues that the trial court erred in finding the settlement agreement ambiguous and, therefore, erred in admitting parol evidence. We agree.

The introductory clauses of the agreement contain the following provisions concerning the settlement of certain lawsuits:

WHEREAS, Joyce R. Lance ('J. Lance'), William Newton Lance, II ('W. Lance'), Stephen Dorenda, Jr., ('S. Dorenda'), and Mary A. Dorenda ('M. Dorenda') have been involved in *certain disputes and lawsuits* with Fletcher Limestone Company, Inc. ('Fletcher Limestone'), Virgil Mack Henson ('Henson'), and Bobby G. Stevens ('Stevens'), *including the following:*

a. Joyce R. Lance, Stephen Dorenda, Jr. and wife, Mary A. Dorenda, and William Newton Lance, II, v. Fletcher Limestone Company, Inc., Virgil Mack Henson, and Bobby G. Stevens, 79CVS674, Superior Court of Henderson County;

b. Joyce R. Lance v. Fletcher Limestone Company, Inc., 80CVS0100, Superior Court of Buncombe County; and

c. William N. Lance, II v. Fletcher Limestone Company, Inc., 80CVS0101, Superior Court of Buncombe County; and

WHEREAS, J. Lance, W. Lance, S. Dorenda, M. Dorenda, Fletcher Limestone, Henson and Stevens agree to amicably resolve *the aforesaid disputes and lawsuits,* and all claims, counterclaims and purported liabilities asserted therein, by settlement and compromise;

NOW, THEREFORE, the undersigned J. Lance, W. Lance, S. Dorenda, M. Dorenda, Fletcher Limestone, Henson and Stevens for good and valuable consideration, including the

premises and mutual covenants made herein, do hereby stipulate, covenant and agree as follows. . . .

The agreement, in paragraphs 1-11, discusses the settlement terms, but at no point refers to this action, No. 80CVD23. Further, in paragraph 12, the agreement sets out:

12. The undersigned parties agree and stipulate that the following shall occur within ten days of the date hereof:

(a) J. Lance, W. Lance, S. Dorenda and M. Dorenda, shall dismiss with prejudice civil action number 79CVS674, Superior Court of Henderson County.

(b) Fletcher Limestone, Henson and Stevens shall dismiss with prejudice any and all counterclaims asserted in civil action number 79CVS674, Superior Court of Henderson County;

(c) J. Lance shall dismiss with prejudice civil action number 80CVS0100, Superior Court of Buncombe County; and

(d) W. Lance shall dismiss with prejudice civil action number 80CVS0101, Superior Court of Buncombe County.

Significantly, the agreement, on its face, omits this action. Since the inclusion of this action in the agreement would "vary, add to, or contradict" the written agreement, parol evidence would only be admissible to explain or construe any ambiguous terms. *Vestal v. Vestal,* 49 N.C. App. 263, 266-67, 271 S.E. 2d 306, 309 (1980); *see generally* Annot., 40 A.L.R. 3d 1384 (1971). "A statement is ambiguous if it is susceptible of more than one meaning." *Lineberry v. Lineberry,* 59 N.C. App. 204, 206, 296 S.E. 2d 332, 333 (1982). Dorenda perceives ambiguity in the language of the introductory clauses: "certain disputes and lawsuits . . . including the following," and "the aforesaid disputes and lawsuits. . . ." Dorenda asserts that the above language fails to *exclude* this action from the terms of the agreement. We disagree.

We apply a long-recognized rule of construction in concluding that the agreement unambiguously excluded this action.

If the apparent inconsistency is between a clause that is general and broadly inclusive in character and one that is more limited and specific in its coverage, the latter should generally be held to operate as a modification and pro tanto nullification of the former.

3 A. Corbin, *Corbin on Contracts* § 547, at 176-78 & n. 19 (1960); *see also Wood-Hopkins Contracting Co. v. N. C. State Ports Auth.*, 284 N.C. 732, 202 S.E. 2d 473 (1974). Here, the broad language of "certain disputes . . . including the following" is modified by the list of named lawsuits. The listed lawsuits become the only subject matter of the agreement. Under our view, the phrase "the aforesaid disputes and lawsuits . . ." refers directly to the listed lawsuits. Further, the terms of paragraphs 1-11 and the final matching list of dismissed lawsuits in paragraph 12, by omitting any reference to this action, support our interpretation.

The unambiguous language of the settlement agreement precluded the admission of parol evidence. We hold that the trial court's admission of parol evidence constituted reversible error. Moreover, "when a contract is plain and unambiguous the construction of the agreement is a matter of law for the court." *East Coast Dev. Co. v. Alderman-250 Corp.*, 30 N.C. App. 598, 605, 228 S.E. 2d 72, 78 (1976). In construing the settlement agreement, the trial court should have found it irrelevant to this action, No. 80CVD23, and excluded it from evidence, since the agreement would be likely to mislead the jury or prejudice Stevens. *See* 1 H. Brandis, *North Carolina Evidence* § 77, at 285-86 (2d rev. ed. 1982). Therefore, the trial court's failure to exclude the settlement agreement is also reversible error. In light of the above holding, we need address only one of Stevens' remaining contentions.

## III

Presumably because it had found the settlement agreement ambiguous, the trial court, over objection, allowed Dorenda to introduce into evidence a complaint from one of the three actions settled in the agreement, No. 79CVS674, alleging trespass and the fraudulent removal of stone from plaintiff's land against Stevens. We hold that the trial court committed reversible error by admitting the complaint. The subject matter of the complaint was irrelevant to this action and extremely prejudicial to Stevens. *Id.*

IV

We remand for a

New trial.

Judges HILL and JOHNSON concur.