MARILYN R. ROSEN (SUGALSKI), Plaintiff v. HENRY N. ROSEN, Defendant

No. 918DC63

(Filed 4 February 1992)

**Divorce and Separation § 449 (NCI4th)— separation agreement—obligation to assist in children's college expenses—unenforceability**

A provision in a separation agreement that defendant husband "obligates himself to assist the said children in the obtaining of educational training beyond high school" and extending "past the 18th birthday of said children" was unenforceable because there was no mutuality of agreement between plaintiff wife and defendant husband as to a specific amount or percentage of college expenses for which defendant was obligated.

**Am Jur 2d, Divorce and Separation §§ 828, 1037, 1046.**

**Responsibility of noncustodial divorced parent to pay for, or contribute to, costs of child's college education. 99 ALR3d 322.**

APPEAL by plaintiff from order entered 14 June 1990 in WAYNE County District Court by *Judge Arnold O. Jones*. Heard in the Court of Appeals 4 November 1991.

Plaintiff and defendant were divorced in October 1983. Prior to their divorce, the parties entered into a separation agreement, and by this action, plaintiff sought to have a provision in that agreement specifically enforced. After the pleadings were joined, plaintiff sought summary judgment, which was denied. Following a trial on the merits, the trial court entered judgment adverse to plaintiff. From this judgment, plaintiff has appealed.

*Law Offices of Roland C. Braswell, by Roland C. Braswell, for plaintiff-appellant.*

*Barnes, Braswell, Haithcock & Warren, P.A., by S. Reed Warren and B. Geoffrey Hulse, for defendant-appellee.*

WELLS, Judge.

Procedurally, we first note that plaintiff has assigned error to the trial court's denial of her motion for summary judgment. In *Harris v. Walden*, 314 N.C. 284, 333 S.E.2d 254 (1985), our Supreme

Court held "that the denial of a motion for summary judgment is not reviewable during an appeal from a final judgment rendered in a trial on the merits." There having been such a trial and final judgment in this case, this question is not before us.

Substantially, this appeal presents the question of the enforceability of the following provision in the parties' separation agreement:

8. EXTENSION OF PERIOD OF CHILD SUPPORT DURING COLLEGE.
Husband hereby obligates himself to assist the said children in the obtaining of educational training beyond high school. Said assistance shall extend past the 18th birthday of said children. Said assistance shall be limited to those expenses reasonably incurred in the obtaining of an undergraduate college degree or the completion of a course in a specific vocation.

At or about the time this action was filed, Marnie, the oldest child of the Rosen's marriage, began preparing for her college career. Plaintiff contacted defendant to discuss the financing of Marnie's college education. Plaintiff testified that defendant was uncooperative with her efforts to determine the amount of support their child could expect from him. On one occasion, defendant told his college-bound daughter she would receive no assistance from him for her education and that he "[didn't] really give a damn what [she did] with [her] life."

Plaintiff further testified that eventually she received financial assistance from defendant for Marnie's college expenses. Evidence introduced at trial shows that expenses for the child's first three years of college amounted to approximately $34,156.00. Defendant contributed approximately $3,000.00 from his own funds and $5,000.00 from a trust fund created by the children's grandfather. The purpose of this fund was to aid in educating the Rosen's children.

Defendant's testimony at trial concerned the origins of the provision in question and his understanding of the responsibilities imposed upon him by the provision. Defendant testified that, following conversations with plaintiff, he instructed his attorney at the time to include a provision in the agreement relating to his children's college education. Defendant testified he wanted to obligate himself to help pay for the children's college education and that he wanted this commitment to extend beyond the 18th birthday of each child.

Defendant specifically instructed his attorney not to include any language relating to a certain percentage or sum of assistance he would be contractually bound to provide. Rather, defendant stated he wanted to leave this provision open so that he could determine the amount of assistance to provide based on his financial situation and his relationship with his daughters. Defendant admitted he believed the provision entitled him to give assistance at his discretion and that he was not obligated to pay any amount except "what I want to contribute."

The principles of law applicable to the contract provision at issue before us in this case are aptly summed up as follows:

> One of the essential elements of every contract is mutual[ity] of agreement. There must be neither doubt nor difference between the parties. They must assent to the same thing in the same sense, and their minds must meet as to *all* the terms. If *any* portion of the proposed terms is not settled, there is no agreement. . . . A contract, and by implication[,] a provision, leaving material portions open for future agreement is nugatory and void for indefiniteness. . . . Consequently, any contract provision . . . failing to specify either directly or by implication a material term is invalid as a matter of law.

*MCB Ltd. v. McGowan*, 86 N.C. App. 607, 359 S.E.2d 50 (1987) (Emphasis in original). *See also Mountain Fed. Land Bank v. First Union Nat. Bank*, 98 N.C. App. 195, 390 S.E.2d 679, *disc. review denied*, 327 N.C. 141, 394 S.E.2d 178 (1990) (Construing a provision in a bank letter of credit).

It being clear from the record before us that there was no mutuality of agreement between plaintiff and defendant relating to a specific amount or percentage for which defendant was responsible by his "obligation" to provide for his children's educational training beyond high school, the trial court correctly found and concluded that this provision could not be enforced, and therefore the judgment below denying plaintiff's claim for "specific performance" must be and is

Affirmed.

Judges LEWIS and WALKER concur.