RUSSELL C. WALTON, JR. AND WIFE, MARGIE G. WALTON v. CITY OF RALEIGH

No. 50A95

(Filed 8 March 1996)

**Municipal Corporations §§ 183, 222 (NCI4th)— consent judgment—access to sewer "subject to obtaining tap-on privileges"—requirement of water connection**

Where plaintiffs and a county entered into a consent judgment in a condemnation action giving plaintiffs the right of access to a sewer line to be installed on their remaining property subject to their "obtaining tap-on privileges from the appropriate governing bodies," and the county transferred all of its interest in the sewer easement to defendant city, the parties contemplated that some governing body other than the county might have to be satisfied before plaintiffs could connect to the sewer line, and defendant city could set the requirements for obtaining the tap-on privilege and could properly require plaintiffs to connect to the city water system in order to obtain access to the sewer line.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569-574, 870-872.**

WALTON v. CITY OF RALEIGH

[342 N.C. 879 (1996)]

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from an unpublished decision of a divided panel of the Court of Appeals, 117 N.C. App. 614, 452 S.E.2d 602 (1995), affirming a judgment for defendant entered by Bowen, J., on 26 August 1993 in Superior Court, Wake County. Heard in the Supreme Court 13 September 1995.

The plaintiffs initiated this action seeking an order requiring the defendant to allow them access to a sewer line without having to connect to the City water system. The plaintiffs made a motion for summary judgment.

The materials submitted at a hearing on the motion for summary judgment showed that in 1975, Wake County instituted a special proceeding to condemn twenty-eight acres of land owned by the plaintiffs. A consent judgment was entered in which the County received approximately twenty acres of the land, with the plaintiffs retaining 7.7 acres. As part of the judgment, the County received an easement to construct a sanitary sewer line over the property retained by the plaintiffs. The plaintiffs were given access to the sewer line by the following provision of the consent judgment.

> The respondents, their heirs, successors and assigns specifically retain the right to access to a sewer line to be installed within an easement to be granted to the petitioner by the respondents, said sewer line easement to be located within the area designated as Tract B and more particularly described in Exhibit B, attached hereto, subject to the respondents, their heirs and assigns obtaining tap-on privileges from the appropriate governing bodies.

In 1985, Wake County transferred all its interest in several sanitary sewer easements, including the one over the plaintiffs' property, to the City of Raleigh. In October of 1986, the plaintiffs notified the defendant City that they wanted to connect with the existing sewer line. The City then notified the plaintiffs that they would not be allowed to connect with the sewer line unless they also connected with the City's water system pursuant to City regulations. The water line does not run to the plaintiffs' property, and there was evidence the plaintiffs would have to pay at least $270,000 to bring City water to their property.

The superior court granted summary judgment for the defendant. The Court of Appeals affirmed with a dissent.

The plaintiffs appealed to this Court.

**WALTON v. CITY OF RALEIGH**

[342 N.C. 879 (1996)]

*Steven L. Evans for plaintiffs-appellants.*

*Thomas A. McCormick, City Attorney, for defendant-appellee.*

WEBB, Justice.

This case involves the interpretation of a consent judgment. A consent judgment is a court-approved contract subject to the rules of contract interpretation. *Yount v. Lowe*, 288 N.C. 90, 215 S.E.2d 563 (1975). If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract. *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624-25 (1973).

In this case, the language is clear. It is said in the consent judgment that the plaintiffs may have access to the sewer line subject to their "obtaining tap-on privileges from the appropriate governing bodies." We read this to mean that before the plaintiffs can connect with the sewer line, they must have the consent of the appropriate governing body, in this case the City, which consent will only be given when the plaintiffs have complied with the City's regulations. We note that the requirement of obtaining tap-on privileges refers to "the appropriate governing bodies." This is an indication that the parties contemplated that some governing body other than the County might have to be satisfied before the plaintiffs could connect with the sewer line.

The plaintiffs argue that without the agreement to allow them to connect with the sewer line, they would have equal rights with all other property owners to make the connection. The agreement, say the plaintiffs, must give the plaintiffs something more. This may be true, but it cannot be something more that conflicts with the plain words of the consent judgment.

The plaintiffs filed affidavits from the attorneys who represented the plaintiffs and the County when the consent judgment was entered, in which they say that the parties did not contemplate that the plaintiffs would have to meet other conditions such as connecting to the water system in order to connect to the sewer line. We are governed by the plain words of the consent judgment. We cannot consider these affidavits.

The plaintiffs say further that the defendants have conceded that the "parties have a different interpretation of the relevant language," and this makes the consent judgment ambiguous. Parties can differ as

to the interpretation of language without its being ambiguous, and we find no ambiguity here.

The plaintiffs also say that the City has to abide by the terms of the agreement, and it cannot impose a requirement on them which was not in effect when the consent judgment was executed. The City is abiding by the agreement. The consent judgment provides that the plaintiffs must obtain tap-on privileges from the appropriate authority, in this case the City, and the City may set the requirements for obtaining this privilege.

The cases relied on by the plaintiffs, *Plant Food Co. v. City of Charlotte*, 214 N.C. 518, 199 S.E. 712 (1938), *Mulberry-Fairplains Water Ass'n v. Town of North Wilkesboro*, 105 N.C. App. 258, 412 S.E.2d 910, *disc. rev. denied*, 332 N.C. 148, 419 S.E.2d 573 (1992), and *Raintree Corp. v. City of Charlotte*, 49 N.C. App. 391, 271 S.E.2d 524 (1980), are not helpful to them. In each of those cases, the city was attempting to do something contrary to the terms of a contract. In this case, the City acted in accordance with the terms of the consent judgment.

AFFIRMED.