BARBARA GARRISON DALTON, Plaintiff v. ROBERT FRANK DALTON, Defendant

No. COA03-839

(Filed 1 June 2004)

### Divorce— equitable distribution—unincorporated separation agreement—mistake of law

The trial court did not err by granting summary judgment in favor of plaintiff wife on defendant husband's counterclaim for equitable distribution of the parties' marital and divisible property even though defendant sought to set aside the parties' separation agreement drafted by plaintiff based on the fact that plaintiff fraudulently or mistakenly represented to defendant that the law in North Carolina required each of them to retain their respective retirement savings accounts as their separate property, because: (1) a separation agreement which is not incorporated into a court judgment is a contract, and a party cannot attack the making of a contract on the basis of fraud where the proof regarding the misrepresentation or misstatement relates to a matter of law since everyone is equally capable of determining the law; (2) the existence of a relationship of confidence and trust does not operate as an exception to the general rule that fraud cannot be premised upon a misrepresentation of law; (3) a bare mistake of law generally affords no grounds for reformation, and the separation agreement in the instant case succeeded in accomplishing the intention of the parties to distribute their retirement benefits pursuant to an erroneous understanding of North Carolina law; and (4) contrary to defendant's assertion, the record contained a copy of the separation agreement bearing a notary stamp for the signatures of both plaintiff and defendant.

Appeal by defendant from order entered 19 March 2003 by Judge Thomas G. Foster in Guilford County District Court. Heard in the Court of Appeals 1 April 2004.

*Diane Q. Hamrick, for plaintiff-appellee.*

*Robert R. Schoch, for defendant-appellant.*

CALABRIA, Judge.

Robert Frank Dalton ("defendant") is appealing the entry of summary judgment against him on his counterclaim for equitable distribution of the parties' marital and divisible property. We affirm.

Defendant and Barbara Garrison Dalton ("plaintiff") were married on 22 May 1982. On or about 31 December 2000, the parties separated. The parties executed a document on 25 January 2001 entitled "Separation and Property Settlement Agreement." The agreement distributed the parties' real property and personal property, including seven parcels of real property, household and personal belongings, vehicles, bank and financial accounts and retirement benefits. In dividing the parties' retirement accounts, the agreement provided, in pertinent part, as follows: "f. Retirement Benefits. Husband shall be the sole owner of all funds and benefits in his name in the SEP account with Wachovia. Wife shall be the sole owner of all funds and benefits in her name in the SEP account with Wachovia." As of the date of separation, plaintiff's retirement savings account was valued at approximately $600,000 while defendant's retirement savings account was valued at approximately $100,000.

On 9 July 2002, plaintiff filed a complaint for absolute divorce and cited the parties' separation agreement as resolving "[a]ny and all claims of the parties for support, alimony and/or equitable distribution of marital property." In an amended answer, defendant counterclaimed for equitable distribution, seeking to set aside the separation agreement on the grounds of fraud, constructive fraud, misrepresentation, mutual mistake, undue influence, unconscionability and manifest unfairness, and failure to observe the proper formalities in executing the agreement. Plaintiff replied to defendant's answer asserting defendant's counterclaims were barred by various affirmative defenses, including accord and satisfaction, waiver, estoppel, and ratification. On 24 January 2003, plaintiff moved for summary judgment "on the grounds that there is no genuine issue as to any material fact related to Defendant's Counterclaim, and Plaintiff is entitled to Summary Judgment in her favor as a matter of law." In an order filed 19 March 2003, the trial court granted plaintiff's motion. Defendant appeals.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a mat-

ter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The party moving for summary judgment must establish the lack of any triable issue, and all inferences of fact from the evidence proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. *Boyce v. Meade*, 71 N.C. App. 592, 593, 322 S.E.2d 605, 607 (1984). Nonetheless, "[s]ummary judgment should be looked upon with favor where no genuine issue of material fact is presented." *Lowry v. Lowry*, 99 N.C. App. 246, 249, 393 S.E.2d 141, 143 (1990).

Here, defendant asserts plaintiff engaged in a series of "expertly-machinated manipulations and deceptions" resulting in "his financial fleecing." Defendant contends the marital history of plaintiff's dominance conditioned him to follow her advice and, when they decided to separate, plaintiff suggested she prepare their separation agreement without involving attorneys and he assented. Defendant further contends that, after the unequal distribution of the parties' retirement savings accounts, plaintiff fraudulently or mistakenly represented to defendant that the law in North Carolina required each of them to retain their respective retirement savings accounts as their separate property.

It should be noted at the outset that there was no confusion as to any issue of fact on the part of either of the parties. To the contrary, both parties readily concede that (1) plaintiff had a retirement savings account in her name with approximately $600,000, (2) defendant had a retirement savings account in his name with approximately $100,000, and (3) both knew the respective amounts in each account. Defendant's claim depends on his assertion that plaintiff misrepresented the law of North Carolina when she divided the parties' retirement benefits in the separation agreement. In short, our holding is limited to situations involving misrepresentations of law and not of fact.

"A separation agreement which is not incorporated into a court judgment is a contract[.]" *Rose v. Rose*, 108 N.C. App. 90, 94, 422 S.E.2d 446, 448 (1992). Generally speaking, a party cannot attack the making of a contract on the basis of fraud where the proof regarding the misrepresentation or misstatement relates to a matter of law. Richard A. Lord, Williston on Contracts § 69:10 (4th ed. 1993). This is based primarily on the following related principles: "that everyone is equally capable of determining the law, is presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he or she has been misled." *Id.* A widely held

exception to this rule is "where there is a relation of trust and confidence between the parties[.]" *Avriett v. Avriett*, 88 N.C. App. 506, 512, 363 S.E.2d 875, 880 (1988) (Greene, J. dissenting) (citation omitted). This exception, however, cannot avail defendant.

In *Avriett*, a wife claimed her former husband's failure to reveal his attorney's legal advice constituted fraud. The husband failed to reveal the "significant 'difference between the ramifications of alimony and property settlement as it pertains to the [husband's] military pension[.]' "[1] *Id.* The majority held the wife's claim for fraud was fatally deficient for three reasons. *Id.*, 88 N.C. App. at 508-09, 363 S.E.2d at 877-78. One of the three alternative and independent grounds upon which the wife's claim failed was that "fraud cannot be based upon ignorance of the law." *Id.*, 88 N.C. App. at 508, 363 S.E.2d at 878. In so doing, this Court rejected the proposition that the existence of a relationship of confidence and trust operates as an exception to the general rule that fraud cannot be premised upon a misrepresentation of law. *Id.* This conclusion is bolstered by the fact that each of these deficiencies was propounded by the majority as fatal to the wife's claim despite the dissent's specific reference to the exception in question. Accordingly, we are bound by our holding in *Avriett* and, thus, conclude that plaintiff's claims premised upon fraud are fatally deficient. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding when one "panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

In the alternative, defendant, relying on *Durham v. Creech*, asserts the separation agreement should be reformed because appellee's "inducing statements about the law 'requiring' the parties to retain savings in their individual names . . . clearly demonstrate she also was mistaken (at least) about the law." *See id.*, 32 N.C. App. 55, 231 S.E.2d 163 (1977). Relief has been granted where there "exist[s] . . . a mutual mistake as to a *material fact* comprising the essence of the agreement . . . ." *Lancaster v. Lancaster*, 138 N.C. App. 459, 465, 530 S.E.2d 82, 85 (2000) (emphasis added). However, "[a]bare mistake of law generally affords no grounds for reforma-

---

1. We do not perceive a meaningful distinction between the plaintiff's failure to reveal certain information in *Avriett* as compared to plaintiff's alleged misrepresentation in the instant case. *See Link v. Link*, 278 N.C. 181, 191, 179 S.E.2d 697, 703 (1971) ("[f]raud rests upon deception by misrepresentation or concealment"); *Vail v. Vail*, 233 N.C. 109, 113, 63 S.E.2d 202, 205 (1951) ("fraud may be said to embrace all acts, omissions, and concealments") (internal quotation marks and citation omitted).

tion." *Durham*, 32 N.C. App. at 60, 231 S.E.2d at 167. In *Durham*, the sellers of certain real property sought to have the deed reformed to reflect the intention of the parties to reserve a life estate for the sellers. The deed failed to include the language reserving the life estate due to the mistake of the draftsman. This Court held a directed verdict for the buyers was improper because "the failure to accomplish the intention of the parties, to reserve a life estate, was a mistake of fact which will afford reformation." *Id.* This Court's analysis in *Durham* turned on the deed's failure to accomplish the intention of the parties. However, in the instant case, the separation agreement succeeded in accomplishing the intention of the parties. Specifically, the parties intended to distribute their retirement benefits pursuant to an erroneous understanding of North Carolina law. That the parties' distribution scheme, in actuality, differed from that established by North Carolina law constitutes merely a "bare mistake of law." Defendant's claim cannot avail him.

Finally, defendant contends the separation agreement cannot be upheld on the grounds that it was not acknowledged by both parties before a certifying officer as required by N.C. Gen. Stat. § 52-10.1 (2003). Contrary to defendant's assertion, the record contains a copy of the separation agreement bearing a notary stamp for the signatures of both plaintiff and defendant. We have carefully considered defendant's remaining arguments and find them to be without merit.

Affirmed.

Judges McGEE and STEELMAN concur.