JUDITH LYNN JACKSON, Plaintiff v. FRED H. JACKSON, JR., Defendant

No. COA04-666

(Filed 15 March 2005)

**1. Divorce— separation agreement—vague—void**

A separation agreement was correctly declared void where it had not been ratified by the court and was governed by the general principles of contracts. This agreement lacked the required certainty and specificity in eight areas ranging from child support and alimony to insurance and retirement benefits.

**2. Evidence— parol evidence rule—not used to add terms— vague separation agreement**

The parol evidence rule prohibited the trial court from allowing the introduction of parol evidence to add to the terms of a vague and uncertain separation agreement. Parol evidence is allowed when the writing is not a full integration of the terms of the contract or to make certain the intention behind an ambiguous contract.

**3. Divorce— separation agreement—vague provisions— entire agreement voided**

The trial court did not err by voiding an entire separation agreement where the deficiencies in the agreement were such that merely striking portions of it was not feasible. Moreover, plaintiff failed to object or otherwise dissent from the trial court's decision.

Judge HUNTER dissenting.

Appeal by plaintiff from order filed 1 March 2004 by Judge Kimbrell Kelly Tucker in Cumberland County District Court. Heard in the Court of Appeals 27 January 2005.

*Reid, Lewis, Deese, Nance & Person, LLP, by Renny W. Deese, for plaintiff.*

*Sullivan & Grace, P.A., by Nancy L. Grace, for defendant.*

BRYANT, Judge.

Judith Lynn Jackson (plaintiff-ex-wife) appeals from an order filed 1 March 2004, denying and dismissing her claim for specific per-

formance pursuant to a separation agreement entered into with Fred H. Jackson, Jr. (defendant-ex-husband).

Plaintiff and defendant were married on 3 November 1981. Two children were born to the marriage; respectively, Jo-Von Jackson, born 24 August 1984 and Jan-Quil Jackson, born 2 March 1993. On or about 1 December 2001, the parties separated and on 19 December 2001 signed a separation agreement. The separation agreement provided for child custody, child support, alimony, and equitable distribution. On 21 March 2003, the parties divorced, but the terms of the separation agreement were not incorporated into the divorce judgment.

Plaintiff filed this action on 17 June 2003, seeking specific performance of the separation agreement; specifically alleging that defendant failed to pay the correct amount of child support, failed to name plaintiff as beneficiary on a life insurance policy, and failed to pay the correct amount of military retirement pay to plaintiff. On 19 September 2003, defendant answered and counterclaimed for rescission of the separation agreement on the grounds that the separation agreement was vague, contradictory, and inconsistent.

This matter came for hearing at the 9 February 2004 civil session of Cumberland County District Court with the Honorable Kimbrell Kelly Tucker presiding. By order filed 1 March 2004, the trial court denied plaintiff's claims and defendant's counterclaim, and dismissed the complaint, ruling that the separation agreement was "vague, null and void, unenforceable, and is hereby set aside." Plaintiff gave timely notice of appeal.

---

The issues on appeal are whether: (I) the separation agreement was enforceable as written and could have been enforced had the trial court considered the intent of the parties in construing the separation agreement; (II) the trial court erred in voiding the entire contract, instead of striking only portions of the separation agreement, in light of the fact that the separation agreement contained a severability clause; and (III) the trial court erred in failing to consider any parol evidence or evidentiary representations on the issues claimed to be vague, inconsistent or omitted to determine the intent of the parties.

I

[1] Plaintiff first argues that the trial court committed reversible error by holding that the separation agreement was so vague, incon-

sistent, and contained such omissions as to render the separation agreement null and void as a matter of law. Moreover, plaintiff argues that the separation agreement was enforceable as written and could have been enforced had the trial court considered the intent of the parties in construing the separation agreement.

Separation agreements that have not been ratified by a court, are not enforceable as court orders, but rather are governed by the general principles of contracts. *See Oakley v. Oakley*, 165 N.C. App. 859, 861, 599 S.E.2d 925, 927 (2004); *Gilmore v. Garner*, 157 N.C. App. 664, 666, 580 S.E.2d 15, 17-18 (2003) ("Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally."). With all contracts, the goal of construction is to arrive at the intent of the parties when the contract was issued. *Wal-Mart Stores, Inc. v. Ingles Mkts., Inc.*, 158 N.C. App. 414, 418, 581 S.E.2d 111, 115 (2003). The intent of the parties may be derived from the language in the contract. *Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996).

To constitute a valid contract, the terms of the contract require sufficient certainty and specificity with regard to material terms[1]. *Rosen v. Rosen*, 105 N.C. App. 326, 328, 413 S.E.2d 6, 7 (1992). "A contract, and by implication[,] a provision, leaving material portions open for future agreement is nugatory and void for indefiniteness. . . . Consequently, any contract provision . . . failing to specify either directly or by implication a material term is invalid as a matter of law." *Id.*; *see Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001) (citations omitted) ("For an agreement to constitute a valid contract, the parties' ' "minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement." ' "); *Creech*

---

1. Depending upon the nature of the contract, various terms must be agreed to in order to form the particular type of contract in question, and these terms are described as the "material terms" or "essential elements." However, even if the material terms of a contract are stated in some positive fashion, there can be no mutual assent if the terms are left indefinite. Thus, if the parties have not expressed themselves in terms that will permit a court to ascertain with a reasonable degree of certainty what the parties intended then no contract will have formed. This is this case even though there may be proof that the parties reached a mutual understanding that they believed at the time formed a binding agreement; it is crucial that the stipulated terms be sufficiently definite so that a court may determine whether the contract has been performed or not.

Hutson & Miskimon, *North Carolina Contract Law* § 2-29, at 131 (Matthew Bender 2001).

*v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 912 (1998) (explaining that no contract results "when there has been no meeting of the minds on the essentials of an agreement"); *Normile v. Miller*, 313 N.C. 98, 108, 326 S.E.2d 11, 18 (1985) (stating that no contract exists absent a meeting of the minds or mutual assent between the parties).

"The challenge to vagueness in [a] contract goes to its sufficiency as giving rise to a cause of action. Breach of an invalid contract, if that paradox could exist, gives rise to no cause of action." *Williamson v. Miller*, 231 N.C. 722, 728, 58 S.E.2d 743, 747 (1950). Thus, "[i]f the uncertainty as to the meaning of a contract is so great as to prevent the giving of any legal remedy, direct or indirect, there is no contract." *Id.*

As noted by the trial court, the separation agreement is insufficient in the following respects:

(1) "Child Support" paragraph reads: "The Husband shall pay to the Wife support for the minor children the sum of $900.00 per month beginning the first day of January, 2002, [a]nd continuing each and every month thereafter until such time as the youngest child reached the age of 20."

Two children were born to the marriage more than eight years apart. According to this provision of the separation agreement, defendant will continue to pay child support for both children until the youngest of the two children reaches the age of twenty.

(2) "Hospital, Medical, Dental Insurance" paragraph reads: "The minor children are now covered by the Husband's health insurance and the husband shall maintain said coverage on minor children and pay any premiums theron, until said minor children reach age of 21 if not in college or the age of 23 if minor children are attending college."

The separation agreement is unclear as to whether the coverage is to end for one or both children when either the oldest or youngest child attends college.

(3) "Payment of Medical and Dental Expenses of the Minor Children" paragraph reads: "The Husband shall pay one-half the medical and dental, including orthodontia if needed, expenses of the minor children over and above any medical insurance coverage that may be available."

The separation agreement is unclear as to the duration of the coverage. Specifically, when the coverage is to begin and end.

(4) <u>"Military Benefits" paragraph reads</u>:

> The minor children shall receive all benefits to which they are entitled to as military dependents so long as they shall be entitled to receive said benefits under the prevailing laws and regulations of the United States of America, and the Husband shall execute such documents and take such action as may be reasonable, necessary or expeditious to enable the minor children to obtain such benefits and the appropriate identification cards therefor.

Under the military benefits regulations, the children would only be entitled to military benefits as long as they were under the age of eighteen and attending college, or over the age of eighteen as long as attending college. This paragraph attempts to establish a different time table for payments of military benefits than does the child support paragraph.

(5) <u>"Life Insurance" paragraph reads</u>:

> The Wife shall maintain in good standing the Whole life insurance policies currently held with Metropolitan Life Insurance and shall be solely responsible for any and all premiums on these policies. The Husband shall be solely responsible for any and all premiums on the MCI Life Insurance policy. The Husband shall name the Wife as the sole beneficiary on these policies and shall not take any steps, which may cancel or terminate these policies or change the beneficiary.

There existed only one policy of which defendant was the policy owner and responsible for paying the premium, however, the paragraph states he is to make plaintiff the beneficiary on "these policies." Plaintiff is the policy owner of the Metropolitan Life Insurance policy and is responsible for paying the premium. Therefore, it is unclear whether he is actually to be responsible for one or both policies.

(6) <u>"Retirement" paragraph reads</u>:

> That said 46% of the marital portion of the Husband's vested pension, retirement, or other deferred compensation pay from the United States Army will be transferred to the Wife by payments that Husband will set up through allotment to wife's existing account. Husband will pay Wife before the 5th of each month.

. . .

JACKSON v. JACKSON

[169 N.C. App. 46 (2005)]

That the Husband shall leave Wife as sole beneficiary of the Survivors Benefit Plan taken upon his retirement. And will take appropriate action to notify the SBP in writing that former spouse is entitled to the SBP when divorce is granted. That the Husband shall be solely responsible for any cost of the SBP.

The separation agreement is unclear as to when the payments are to begin and for what duration these payments will continue.

(7) The second "Military Benefits" paragraph reads:

The Wife shall have all benefits to which she shall be entitled to as a military dependent. The husband shall execute such documents and take such action as may be reasonable, necessary or expeditious to enable the Wife to obtain such benefits and the appropriate identification cards until remarriage or death which ever comes first therefore.

The separation agreement does not make clear whether the wife is to obtain said benefits and identification cards until her or defendant's remarriage or death.

(8) "Alimony" paragraph reads:

That the Husband shall pay the sum of $500.00 per month in permanent alimony to Wife. $200.00 starting when oldest minor child support ends, and the remaining $300[.00] to be paid when youngest minor child support ends, to total $500.00 And continuing each and every month thereafter. The Husband shall establish an allotment payable to the wife in the amount of $250.00 two times per month. The alimony shall cease at the occurrence at one of the following:

a) The death of the Husband

b) The death of the Wife

c) The remarriage of Wife

This paragraph does not establish exactly when alimony payments will begin. In light of the fact that the two children were born to the marriage more than eight years apart, it remains unclear whether defendant will continue to pay child support for both children until the youngest of the two children reaches the age of twenty.

[2] Plaintiff argues that the vagueness and uncertainty in the separation agreement should have been resolved by use of parol evidence.

"The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict a written instrument intended to be the final integration of the transaction." *Hall v. Hotel L'Europe, Inc.*, 69 N.C. App. 664, 666, 318 S.E.2d 99, 101 (1984). " 'The rule is otherwise where it is shown that the writing is not a full integration of the terms of the contract,' " *Vestal v. Vestal*, 49 N.C. App. 263, 266, 271 S.E.2d 306, 308 (1980) (citation omitted), or "[w]hen a contract is ambiguous, parol evidence is admissible to show and make certain the intention behind the contract," *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 422, 547 S.E.2d 850, 852-53 (2001).

Here, the trial court could not allow the introduction of parol evidence to add, or supplement the terms of the separation agreement. "It is the province of the court to construe and not make contracts for the parties." *Williamson*, 231 N.C. at 727, 58 S.E.2d at 747. Accordingly, the trial court could not create new terms for the parties, and did not commit error in declaring the agreement void without hearing additional parol evidence. This assignment of error is overruled.

## II

[3] Plaintiff next argues that the trial court erred in voiding the entire contract, instead of striking portions of the separation agreement, in light of the fact that the separation agreement contained a severability clause.

"When a contract contains provisions which are severable from an illegal provision and are in no way dependent upon the enforcement of the illegal provision for their validity, such provisions may be enforced." *Rose v. Materials Co.*, 282 N.C. 643, 658, 194 S.E.2d 521, 531-32 (1973). Here, the separation agreement contained a severability clause, however, the vagueness, inconsistencies, and uncertainties as to the material terms of the separation agreement were such as to render the entire agreement void. Specifically, the trial court noted:

> Now I believe that I have two options. I can try and go through this, okay, and I can strike the provisions that are vague and unenforceable. But do you know what that leaves you with? A worse mess. Because if I do that, that leaves you with a worse mess.
>
> . . .

I mean, you're left—if I gut it partially, you are left with worse, almost worse than what you started with, because I don't believe as a judge I'm going to be able to try—should you come in here and try and enforce the visitation, try and enforce something called alienation of affection that's in here, it is so vague it is going to be virtually impossible for me to determine—and I'm looking at your counterclaim now, as to whether somebody violated this vague provision.

. . .

So the provisions you're contending he violated are vague and unenforceable as against him. The claims he has against you are for provisions that he contends you violated. Those are just as vague as the ones he did.

Counsel, it is my intent, rather than to try and gut it, just to declare this agreement unenforceable, vague, unenforceable, and it is null and void, and we start from scratch.

The record on appeal reveals that the deficiencies contained within the separation agreement were such that it was not feasible for the trial court to merely strike portions of the agreement without eviscerating the entire agreement. Moreover, counsel for plaintiff failed to object to or otherwise dissent from the trial court's decision to void the entire agreement. *See* N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion . . . ."). Accordingly, this assignment of error is overruled.

### III

Plaintiff lastly argues that the trial court erred in failing to consider any parol evidence or evidentiary representations on the issues claimed to be vague, inconsistent or omitted, because where ambiguities exist, the court is required to undertake a factual inquiry to determine the intent of the parties.

As stated *supra* Issue I, the trial court could not allow the introduction of parol evidence to add to, or supplement the terms of the separation agreement. "It is the province of the court to construe and not make contracts for the parties." *Williamson*, 231 N.C. at 727, 58 S.E.2d at 747. Accordingly, the trial court could not create new terms for the parties, and did not commit error in declaring the agreement

void without hearing additional parol evidence. This assignment of error is overruled.

Affirmed.

Judge JACKSON concurs.

Judge HUNTER dissents in separate opinion.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority opinion, as I find that the trial court erred in holding the separation agreement vague, inconsistent, and so full of omissions as to render the agreement null and void as a matter of law.

As the majority correctly notes, separation agreements not ratified by a court are governed by the general principles of contracts. *See Dalton v. Dalton*, 164 N.C. App. 584, 586, 596 S.E.2d 331, 333 (2004). Although this Court has noted that, to be enforceable, separation agreements must have mutuality of agreement as to the material terms specified directly or by implication, *see Rosen v. Rosen*, 105 N.C. App. 326, 328, 413 S.E.2d 6, 7 (1992), our Supreme Court has held that "[w]here . . . the parties have attempted to put in writing an agreement fixing the rights and duties owing to each other, courts will not deny relief because of vagueness and uncertainty in the language used, if the intent of the parties can be ascertained." *Goodyear v. Goodyear*, 257 N.C. 374, 379, 126 S.E.2d 113, 117 (1962). Our courts, in determining the intent of the parties, look first to the language of the agreement. *See Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996) ("[i]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract"). If a term is ambiguous, parol evidence may be admitted to explain the term. *See Vestal v. Vestal*, 49 N.C. App. 263, 266-67, 271 S.E.2d 306, 309 (1980) ("[a]lthough parol evidence may not be allowed to vary, add to, or contradict an integrated written instrument, . . . an ambiguous term may be explained or construed with the aid of parol evidence). A closer examination of the contested provisions of the agreement is therefore warranted to determine if the intent of the parties can be ascertained from the plain language, or if parol evidence could properly be admitted to explain ambiguous terms.

JACKSON v. JACKSON

[169 N.C. App. 46 (2005)]

The majority first finds the paragraph entitled "Child Support" to be defective, as it requires payment of the full amount of support, $900.00, on a monthly basis until the youngest child is 20 years old. Although an age difference of eight years exists between the children, thus resulting in continued payments of the full $900.00 for ten years after the eldest child reaches majority, such an age difference does not render the paragraph ambiguous. While parents have a legal obligation to support their children and cannot by contract relieve themselves of that obligation, *see Thomas v. Thomas*, 248 N.C. 269, 274-75, 103 S.E.2d 371, 375 (1958), "a parent can by contract assume an obligation to his child greater than the law otherwise imposes, and by contract bind himself to support his child after emancipation and past majority." *Shaffner v. Shaffner*, 36 N.C. App. 586, 588, 244 S.E.2d 444, 446 (1978). In *Goodyear v. Goodyear*, a provision of the separation agreement included payments of $400.00 monthly by the father to the mother for benefit of their two children. *Goodyear*, 257 N.C. at 376, 126 S.E.2d at 114-15. Such payments were required to be made subsequent to the date of the eldest child's twenty-first birthday. *Id.* at 378, 126 S.E.2d at 116. Our Supreme Court found this contract term to be enforceable, holding that the contract term required a monthly payment of $400.00, rather than a monthly payment of $200.00 per child. *Id.* at 378, 126 S.E.2d at 117. Here, similarly, the parties agreed to a lump sum payment for the benefit of the two children which would continue into the eldest child's majority by their plain language. Such a term, although providing for support beyond the requirements of law, is nonetheless enforceable on its face.

The majority next notes the provision concerning "Hospital, Medical and Dental Insurance" is unclear as to when the coverage ends. The language of the provision states that coverage will continue "until said minor children reach age of 21 if not in college or the age of 23 if minor children are attending college." Here, the plain language again reveals the intent of the parties. Unlike the child support provision, which specifies that support is to end for both children at a fixed point in time, the insurance provision refers to coverage ending for each of the minor children as soon as they reach the age of twenty-one or twenty-three, depending on their educational status. Thus, the plain language of this agreement creates no ambiguity as to when the insurance coverage ends.

The majority next addresses the "Payment of Medical and Dental Expenses of Minor Children" provision, finding that it is unclear as to duration. Although the paragraph does not include a specific termi-

nation, the plain language requires payment of the "expenses of the minor children." Thus it can be inferred that the payments of these expenses are to be made for each child until that child reaches the age of majority.

The majority next addresses the paragraph regarding "Military Benefits," finding it void as it establishes a different time table for benefits than the "Child Support" paragraph. The "Military Benefits" paragraph states that the "minor children shall receive all benefits to which they are entitled to as military dependents so long as they shall be entitled to receive said benefits under the prevailing laws[.]" Although this provision does provide a different termination period than the provision for child support, payment of health insurance, and payment of other medical expenses, each section refers to separate benefits, and therefore differing schedules for duration of the distinct benefits should not render the provisions void.

The majority next finds that the provision entitled "Life Insurance" is unclear as to whether defendant is responsible for one or both policies, as he is to "name the Wife as the sole beneficiary on these policies[.]" The paragraph is clear as to who is responsible for maintaining premiums on the respective policies: the wife is responsible for the policies held through Metropolitan Life Insurance and the husband is responsible for those held through MCI Life Insurance. Further, the paragraph is clear that the husband "shall name the Wife as the sole beneficiary[.]" The evidence of record fails to show, however, who is the actual policy holder for the three life insurance policies on defendant's life, and thus who is the proper party to designate the beneficiary. Therefore, parol evidence should properly be considered to clarify this ambiguity. See Vestal, 49 N.C. App. at 266-67, 271 S.E.2d at 309.

The majority next addresses the "Retirement" paragraph, finding the section unclear as to when the payments of the military pension and retirement pay are to begin, and as to their duration. Here the plain language of the paragraph is sufficient to create a definite obligation between the parties, specifying an exact percentage of defendant's military retirement to be received by plaintiff. The paragraph also states that payments are to be made by the fifth of each month. Further, evidence presented to the trial court indicated that defendant, already retired, began paying plaintiff a portion of the retirement benefits as soon as the separation agreement was effective. Our Supreme Court has held that:

JACKSON v. JACKSON

[169 N.C. App. 46 (2005)]

A contract . . . encompasses not only its express provisions but also all such implied provisions as are necessary to effect the intention of the parties unless express terms prevent such inclusion. "The court will be prepared to imply a term if there arises from the language of the contract itself, and the circumstances under which it is entered into, an inference that the parties must have intended the stipulation in question."

"If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it."

*Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624-25 (1973) (citations omitted). Thus, a term can be implied from the language and circumstances that the parties intended the payment of retirement benefits to begin upon certification of the separation agreement.

Although the paragraph does not specify a duration of the military retirement benefits, duration of such benefits would be governed by the requirements of the retirement and pension plans. Therefore, admission of parol evidence as to the retirement and pension benefit plans would be appropriate to clarify this ambiguity. *See Vestal*, 49 N.C. App. at 266-67, 271 S.E.2d at 309.

The majority next addresses the second paragraph entitled "Military Benefits," finding that the paragraph does not make clear whether the benefit terminates on plaintiff or defendant's remarriage or death. The plain language of the agreement indicates that the benefits in question are those of the military dependant. Thus the provision that such benefits shall be received by "the Wife" until "remarriage or death which ever comes first" clearly refers to the wife's remarriage or death, as she is the dependant in question.

The majority finally addresses the paragraph entitled "Alimony," finding that the section fails to establish when alimony payments will begin, as the section provides for a graduated schedule that requires defendant to provide $200.00 monthly to plaintiff after the support to the oldest minor child ends, and an additional $300.00 monthly to plaintiff when the support to the youngest minor child ends. As discussed *supra*, the agreement does not provide for a staggered termination of child support. "A contract must be considered as a whole,

considering each clause and word with reference to other provisions and giving effect to each if possible by any reasonable construction." *Development Enterprises v. Ortiz*, 86 N.C. App. 191, 194, 356 S.E.2d 922, 924 (1987). Here, the "Alimony" provision can be reasonably construed to provide a payment of $500.00 to plaintiff only upon termination of child support when the youngest minor child reaches the age of twenty, and to provide no alimony payments to plaintiff prior to that time. As the intent of the parties can be inferred from the language of the agreement, the provision is enforceable.

As the intent of the parties can be determined by the plain language of the separation agreement, and any ambiguities creating questions of fact may properly be resolved with the use of parol evidence, the trial court erred in dismissing plaintiff's claim on the grounds the separation agreement was vague and unenforceable. Accordingly, I respectfully dissent.