**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1478**

LINCOLN FINANCIAL MEDIA COMPANY,

Plaintiff – Appellee,

v.

CBS BROADCASTING, INCORPORATED, f/k/a CBS, Incorporated,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:07-cv-00062-MR-CH)

Argued:  January 28, 2009        Decided:  March 10, 2009

Before WILLIAMS, Chief Judge,  and MOTZ  and  SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** G. Scott Humphrey, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Charlotte, North Carolina, for Appellant.  Daniel R. Taylor, Jr., KILPATRICK & STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellee.  **ON BRIEF:** Susan H. Boyles, Bradley A. Roehrenbeck, KILPATRICK & STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1996, CBS Broadcasting Incorporated ("CBS") entered into Affiliation Agreements with Jefferson-Pilot Communications Company ("Jefferson-Pilot"). The Affiliation Agreements provided that CBS would supply network television to two Jefferson-Pilot stations. The parties also executed a Letter Agreement in which CBS agreed to provide an annual promotional payment of $400,000 to Jefferson-Pilot. In 2005, Jefferson-Pilot's parent corporation, Jefferson-Pilot Corporation, entered into a merger agreement with Lincoln National Corporation. After the merger was approved by the Federal Communications Commission ("FCC"), Jefferson-Pilot changed its name to Lincoln Financial Media Company ("Lincoln Financial"). Following the merger, CBS ceased making the $400,000 promotional payment, and Lincoln Financial responded by filing a declaratory judgment action in the United States District Court for the Western District of North Carolina, alleging that the Letter Agreement remained binding between the two parties. Following cross-motions for summary judgment, the district court granted Lincoln Financial's motion, concluding that the Letter Agreement remained binding on CBS. The district court accordingly issued a declaratory judgment to that effect and ordered CBS to pay $800,000 in past promotional payments plus prejudgment interest.

CBS noted a timely appeal and, for the following reasons, we affirm the well-reasoned opinion of the district court.

## I.

On April 23, 1996, CBS, one of the nation's largest operators of radio and television networks, entered into Affiliation Agreements with Jefferson-Pilot. Under the Affiliation Agreements, CBS agreed to provide television programming for two Jefferson-Pilot stations, WBTV, operating out of Charlotte, North Carolina, and WCSC-TV, operating out of Charleston, South Carolina, for a period of fifteen years. As part of the Affiliation Agreements, CBS agreed to make monthly payments to Jefferson-Pilot and Jefferson-Pilot agreed to "notify CBS forthwith if any application is made to the Federal Communications Commission relating to a transfer of control of Broadcaster or the transfer of Broadcaster's license for [the] Affiliated Station." (J.A. at 94.) Section 3(b) of the Affiliation Agreements further provided that if CBS "reasonably disapprove[d]" of the transfer, it "shall have the right to terminate" the Agreements. (J.A. at 94.)

On that same date, CBS and Jefferson-Pilot entered into the Letter Agreement which serves as the impetus for the current litigation. In relevant part, the Letter Agreement provides:

> CBS will make a promotional contribution to Jefferson-Pilot of . . . $400,000 in each of Years 2-15, to be allocated between WBTV and WCSC as directed by Jefferson-Pilot . . . CBS will include such amount in a lump sum payment allocated between the stations as directed by Jefferson-Pilot in the following month's compensation checks, as separately itemized entries. <u>This paragraph shall be of no further force and effect in the event that Jefferson-Pilot assigns or transfers any interest in either Station.</u>

(J.A. at 209) (emphasis added). The Letter Agreement further defines "Jefferson-Pilot" as "Jefferson-Pilot Communications Company". (J.A. at 205.)

Pursuant to this Letter Agreement, CBS made the $400,000 promotional payment from 1996 to 2002. In March 2002, Jefferson-Pilot created a new wholly-owned subsidiary, Jefferson-Pilot Communications/WBTV, Inc., and notified CBS of its intention to transfer the broadcast license for WBTV in Charlotte as well as the Affiliation Agreement to this new subsidiary. CBS sent Jefferson-Pilot a letter dated April 10, 2002, noting that although "[c]onsent from CBS is not required for this pro forma transfer," CBS did not object to the assignment. (J.A. at 20) The FCC approved Jefferson-Pilot's request to transfer the broadcast license on August 22, 2002, and Jefferson-Pilot completed this business transaction on January 1, 2003. CBS thereafter continued to make the $400,000 promotional payment for the years 2003, 2004, and 2005.

4

In October 2005, Jefferson-Pilot Corporation entered into a merger agreement with Lincoln National Corporation. Under the planned merger, Jefferson-Pilot Communications/WBTV, Inc. and WCSC, Inc., retained the 100% ownership interests and broadcast licenses for their respective stations. And, Jefferson-Pilot retained its 100% stake in both of those subsidiaries. Jefferson-Pilot Corporation would transfer its ownership interest in Jefferson-Pilot to a holding company, "Merger Sub," which was later named Lincoln JP Holdings, LP. Lincoln National Corporation held a 99.9% interest in Lincoln JP Holdings LP as a limited partner; a wholly-owned subsidiary of Lincoln National Corporation, Lincoln JP Company, LLC, held the remaining 0.1% interest.[1]

On December 14, 2005, Jefferson-Pilot, pursuant to Section 3(b) of the Affiliation Agreements, notified CBS of the contemplated merger. In February 2006, CBS informed Jefferson-Pilot Communications/WBTV, Inc. and WCSC, Inc., that CBS "has not objected to the planned change in control and has no issues with the merger proceeding as planned." (J.A. at 25.)

The merger closed on April 3, 2006, and Jefferson-Pilot Corporation became Lincoln JP Holdings, LP and transferred its

---

[1] Both Lincoln JP Holdings, LP and Lincoln JP Company, LLC, were ultimately absorbed into Lincoln National Corporation in March 2007.

indirect control of the licenses for WBTV and WCSC to Lincoln National. Jefferson-Pilot likewise became a subsidiary of Lincoln JP Holdings, LP, but continued to retain its 100% interest in the stations. Jefferson-Pilot Communications/WBTV, Inc., and WCSC, Inc., retained their interests in the television stations and continued operating them. No change occurred with respect to Jefferson-Pilot's business location, officers, or assets. Jefferson-Pilot did, however, change its name to Lincoln Financial. As a result, Jefferson-Pilot Communications/WBTV, Inc. likewise changed its name, settling on WBTV, Inc.

After Lincoln Financial requested the $400,000 promotional payment for 2006, CBS responded, by letter dated January 4, 2007, that it was refusing to make the payment. According to CBS, the merger agreement resulted in the transfer of "any interest" in the stations and permitted CBS, under the Letter Agreement, to terminate the promotional arrangement. CBS declined to make the $400,000 payment in 2007 as well, and Lincoln Financial responded by filing an action against CBS in the Western District of North Carolina on February 6, 2007, requesting a declaratory judgment that the Letter Agreement

remained binding and damages for CBS's failure to make the $400,000 promotional payment in 2006 and 2007.[2]

The parties agreed to file cross-motions for summary judgment without discovery in July 2007. On March 3, 2008, the district court granted summary judgment in favor of Lincoln Financial, concluding that the merger agreement did not result in the transfer of any interest in either WBTV or WCSC and, accordingly, that the Letter Agreement remained binding.[3] The district court also awarded Lincoln Financial $800,000 plus prejudgment interest for the 2006 and 2007 promotional payments. CBS filed a timely appeal, and we possess jurisdiction under 28 U.S.C.A. § 1291 (West 2006).

---

[2] Jurisdiction was proper under 28 U.S.C.A. § 1332 (West 2006): CBS is a New York corporation with its principal place of business in New York; Lincoln National Corporation is an Indiana corporation with its principal place of business in Pennsylvania; and Lincoln Financial is a North Carolina corporation with its principal place of business in North Carolina. The amount in controversy exceeded $75,000.

[3] The parties disputed which state's law applied in interpreting the Letter Agreement, with CBS asserting that New York law applied and Lincoln Financial asserting North Carolina law applied. The parties did agree, however, that there was "no substantive difference" between New York and North Carolina law, and the district court declined to resolve the choice of law dispute. (J.A. at 600.)

We review de novo a district court's grant of summary judgment. Wilmington Shipping Co. v. New England Life Ins. Co., 496 F.3d 326, 331 (4th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Letter Agreement provided, in relevant part, that CBS's obligation to make the promotional payment "shall be of no further force and effect in the event that Jefferson-Pilot assigns or transfers any interest in either Station." In concluding that the Letter Agreement remained binding upon CBS, the district court summarized the case as follows:

> Boiled to their essence, the facts are that [Jefferson-Pilot] was once a subsidiary of [Jefferson-Pilot Corporation]. When [Jefferson-Pilot Corporation] was purchased by Lincoln National, [Jefferson-Pilot] became a subsidiary of Lincoln National. [Jefferson-Pilot's] name was then changed . . . to Lincoln Financial. As a result of the merger, [Jefferson-Pilot Corporation] transferred everything it owned. [Jefferson-Pilot], however, neither transferred nor assigned anything as a result of the merger; it simply changed its name.

(J.A. at 606.)

Thus, the district court correctly found that "[Jefferson-Pilot] did not assign or transfer any of its interests in [WCSC or WBTV] as a result of the merger." (J.A. at 607.)

Perhaps recognizing that this argument is foreclosed by the factual record, CBS alternatively contends that the change in ownership of Jefferson-Pilot terminated the Letter Agreement's promotional payment. CBS is correct that the merger changed Jefferson-Pilot's parent from Jefferson-Pilot Corporation to Lincoln National Corporation. But the plain language of the Letter Agreement provides that the promotional payments only terminate if Jefferson-Pilot itself (not its corporate parent) "assigns or transfer any interest in either station." (J.A. at 209.) CBS could have written the contract more broadly, but it did not. Because the contractual language is unambiguous, we cannot accept CBS's invitation to consider extrinsic evidence of the parties' intent. Greenfield v. Philles Records, Inc., 780 N.E.2d 166, 170-71 (N.Y. 2002); Walton v. City of Raleigh, 467 S.E.2d 410, 411 (N.C. 1996). But even if we were to do so, we find CBS's "common sense" argument unconvincing. CBS had a longstanding relationship with Jefferson-Pilot—not Jefferson-Pilot Corporation and CBS designed the promotional payments to maintain this partnership. That relationship did survive the merger.

9

Accordingly, we conclude that the district court correctly granted Lincoln Financial's motion for summary judgment.

AFFIRMED