ARROWOOD, Judge.
John A. Elmore, II ("Mr. Elmore"), Porters Neck Company, Inc. ("PNC"), and Forest Creek Ventures, Inc. ("FCV") (collectively, "defendants") appeal from an order denying their motion for summary judgment in part, and granting it in part. For the reasons stated herein, we affirm in part, and reverse in part.
I. Background
Mr. Elmore and Mr. Lionel L. Yow, Jr. ("Mr. Yow") formed PNC in or about 1991 to own and develop residential real property in Porters Neck. Thereafter, Mr. Elmore and Mr. Yow formed FCV to own and develop residential real property in Forest Creek. Mr. Yow filed for bankruptcy in 2011. During the administration of the bankruptcy, K4C6R, LLC ("K4C6R") successfully bid on Mr. Yow's interest in PNC and FCV, resulting *679 in Mr. Elmore and K4C6R each owning fifty percent (50%) of PNC and FCV.
Due to disputes between the two owners, the parties executed a written contract (the "division agreement") the intent of which was to distribute half of the real estate assets each to Mr. Elmore and to K4C6R respectively. To that end, the division agreement distributed fifty percent (50%) of PNC and FCV's assets to K4C6R in exchange for its shares of stock in the PNC and FCV companies. Porters Neck Plantation, Inc. ("PNP") was established as K4C6R's successor entity with respect to the properties in Porters Neck that K4C6R received in the division, and Forest Creek Plantation, Inc. ("FCP") was established as K4C6R's successor entity with respect to its properties in Forest Creek. The division agreement contained a right of first refusal ("ROFR"), which provides:
K4C6R, on the one hand, and PNC and FCV, on the other, each grants the other a right of first refusal with respect to the sale of the undeveloped Forest Creek property, to be triggered by a bona fide third[-]party offer to purchase the undeveloped property, provided, however, that this right of first refusal shall apply only to cash-only sales.
On or about 30 September 2015, FCP received an offer to purchase all of FCP's developed and undeveloped property ("the third-party offer" or "the offer"). Although the ROFR is only for undeveloped Forest Creek property, the third-party offer did not allocate the amount being offered for the undeveloped property. FCP forwarded the offer to defendants, who inquired what portion of the offer was allocated to undeveloped property. FCP did not provide this information, and defendants did not waive the ROFR rights or make an offer. Eventually, the offer expired.
On 2 May 2016, K4C6R, FCP, and PNP (collectively, "plaintiffs") filed a complaint against defendants seeking declaratory judgment as to the parties' rights under the division agreement and injunctive relief, and to recover damages for breach of contract.
Defendants answered the complaint and filed counterclaims on or about 9 September 2016. Plaintiffs answered the counterclaims on 10 November 2016. On 20 November 2016, defendants moved for summary judgment. The matter came on for hearing before the Honorable Charles H. Henry on 6 December 2017, in New Hanover Superior Court.
The trial court entered an order on 29 December 2017 granting summary judgment in part and denying it in part. Conclusion of law 5 of the order interprets the division agreement's ROFR as follows.
a. That the right of first refusal possessed by Porters Neck Company Inc. and Forest Creek Ventures, Inc. is limited to offers that contemplate the cash sale of undeveloped property within the Forest Creek subdivision or the cash sale of developed property and undeveloped property within the Forest Creek subdivision where the offer delineates the amount of the offer that pertains to the undeveloped property. This same interpretation applies to K4C6R's right of first refusal as well.
b. The Division Agreement requires that in order to entertain any "cash only" offers that contemplate the sale of any undeveloped property, the offeror must allocate the amount being offered for the undeveloped property so a party can decide whether to exercise its right of first refusal.
c. If presented with a cash offer to purchase undeveloped property within the Forest Creek subdivision by a bona fide third[-]party, Porters Neck Company Inc. and Forest Creek Ventures, Inc. will have thirty days to exercise their right of first refusal. This same time limitation applies to K4C6R's right of first refusal as well.
d. There exists no right of first refusal in which the seller finances all of the purchase price of the undeveloped land.
The 29 December 2017 order did not determine all of the claims involved in the action. The remaining claims came on for trial before the Honorable Anna Mills Wagoner at the 19 March 2018 civil jury term in New Hanover Superior Court. The trial court *680 entered an order concluding all claims in dispute between the parties on 5 April 2018.
Defendants filed notice of appeal from the Honorable Judge Charles H. Henry's order on 4 May 2018.
II. Discussion
On appeal, defendants argue the trial court erroneously interpreted the ROFR in its 29 December 2017 order because: (1) conclusion of law 5(a) could be read to hold the ROFR applies to offers to purchase both developed and undeveloped land only if the offer specifies the amount designated to purchase the undeveloped property; (2) the parties' ROFR is not limited to cash payment offers; and (3) the division agreement does not state that there is no ROFR if the seller finances all of the purchase price of the undeveloped land. We address each argument in turn.
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
"The construction of a contract is a matter of law for the courts when the language is plain and unambiguous." Gillespie v. DeWitt , 53 N.C. App. 252, 266, 280 S.E.2d 736, 746 (citations omitted), disc. rev. denied , 304 N.C. 390, 285 S.E.2d 832 (1981). Where, as here, the parties "differ as to the interpretation of language[,]" the language can still be unambiguous. Walton v. City of Raleigh , 342 N.C. 879, 881-82, 467 S.E.2d 410, 412 (1996).
The parties do not dispute that the division agreement's provision for a ROFR is unambiguous. We agree. The division agreement provides:
K4C6R, on the one hand, and PNC and FCV, on the other, each grants the other a right of first refusal with respect to the sale of the undeveloped Forest Creek property, to be triggered by a bona fide third[-]party offer to purchase the undeveloped property, provided, however, that this right of first refusal shall apply only to cash-only sales.
In other words, this provision grants each party a ROFR with respect to the sale of undeveloped Forest Creek property that is triggered by a bona fide third-party offer to purchase the undeveloped property. It does not limit the ROFR to situations where the third-party only offers to purchase undeveloped property. Therefore, a party is not deprived of its ROFR when a third-party offers for both undeveloped and developed Forest Creek property in the same offer. Further, if a third-party does offer for both undeveloped and developed Forest Creek property, that third-party must specify which portion of its offer is allocated for the undeveloped property so that K4C6R on the one hand, and PNC and FCV on the other, have the opportunity to exercise its ROFR as to the undeveloped Forest Creek property. The division agreement then limits this right by utilizing the limiting language "provided, however," explaining that the ROFR is only triggered by cash only sales.
A. Third-Party Offers for Both Developed and Undeveloped Land
As defendants' first issue on appeal, they contend conclusion of law 5(a) is in error because it could be read to hold the ROFR applies to offers to purchase both developed and undeveloped land only if the offer allocates the amount of the offer offered to purchase the undeveloped property, even though the division agreement does not contain this limitation. We agree.
According to conclusion of law 5(a),
the right of first refusal possessed by Porters Neck Company Inc. and Forest Creek Ventures, Inc. is limited to offers that contemplate the cash sale of undeveloped property within the Forest Creek subdivision or the cash sale of developed property and undeveloped property within the Forest Creek subdivision where the offer delineates the amount of the offer that pertains to the undeveloped property . This same interpretation applies to K4C6R's right of first refusal as well.
*681 (Emphasis added). Because this conclusion states that the ROFR is limited to: (1) a third-party offer only for undeveloped land; or (2) a third-party offer for both undeveloped and developed land where the offer allocates the amount offered to purchase the undeveloped property, the conclusion erroneously suggests that the division agreement does not provide a ROFR if a third-party offer for both undeveloped and developed land fails to delineate the amount of the offer that pertains to the undeveloped property. This interpretation of the ROFR would go against the purpose of the ROFR, contradict the plain language of the division agreement, and conflict with conclusion of law 5(b).
The purpose of the ROFR in the division agreement is to give either party the right to purchase undeveloped property before it can be sold to a third-party. The plain language of the division agreement supports this purpose, and does not limit offers for both undeveloped and developed land to those offers that allocate the amount of the offer intended to purchase the undeveloped property. Such a limitation cannot be read into the division agreement. Otherwise, a party could be deprived of their ROFR simply by the third-party offeror offering for both undeveloped and developed land, and failing to allocate the funds offered between the two types of land. This result would create a loophole in conflict with conclusion of law 5(b), which concludes: "The Division Agreement requires that in order to entertain any 'cash only' offers that contemplate the sale of any undeveloped property, the offeror must allocate the amount being offered for the undeveloped property so a party can decide whether to exercise its right of first refusal."
Therefore, because we agree with defendant that there is a potential for conclusion of law 5(a) to be read as causing the order to be inconsistent both with the agreement's purpose, plain language, and conclusion of law 5(b), we hold that to the extent conclusion of law 5(a) could be read to say the ROFR applies to offers to purchase both developed and undeveloped land only if the offer delineates the amount designated to the undeveloped property, it is reversed. In all other respects, it is affirmed.
B. Cash Sales
Next, defendants argue the trial court's conclusion of law 5(a) that the parties' ROFR is limited to third-party offeror's cash payment offers is erroneous because the division agreement's provision that the "right of first refusal shall apply only to cash-only sales" should be interpreted to mean that the party exercising the ROFR must pay cash to purchase the property at issue. We disagree.
The plain language of the division agreement's requirement that the "right of first refusal shall apply only to cash-only sales" clearly provides that the parties' ROFR only applies when a third-party offeror makes a cash offer to purchase undeveloped property. Defendants' argument that this plain language interpretation undermines the parties' intent is without merit. "The intent of the parties is determined by examining the plain language of the contract[,]" Brown v. Ginn , 181 N.C. App. 563, 567, 640 S.E.2d 787, 790, disc. rev. denied , 361 N.C. 350, 645 S.E.2d 766 (2007), which, here, plainly limits the ROFR's applicability to cash only sales. Accordingly, defendants' argument is without merit.
C. Seller-Financing
Because the trial court did not err in concluding that the division agreement limits the parties' ROFR to third-party offers of cash payment, it follows that defendants' third argument, that the trial court erred by limiting the parties' right of first refusal to offers not involving seller-financing, as described by conclusion of law 5(d), is without merit. The agreement explicitly limits the ROFR's applicability to cash only sales; thus, there exists no right of first refusal in which the seller finances all of the purchase price of the undeveloped land.
III. Conclusion
For the foregoing reasons, we affirm the trial court's order in part, and reverse in part to the extent that conclusion of law 5(a) could be read to hold that the division agreement's ROFR only applies to offers to purchase both developed and undeveloped property only if *682 the offer delineates the amount designated to the undeveloped property.
AFFIRMED IN PART, REVERSED IN PART.
Judge BRYANT concurs.
Judge DILLON concurs in part and dissents in part by separate opinion.